IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL J. HARRIS                                                                             PLAINTIFF

v.                            Civil No. 6:16-cv-6129

COREY RICKARD, ED
HOLLINGSWORTH, and
MICHAEL MORROW                                         DEFENDANTS

## ORDER

Plaintiff Michael J. Harris proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to prosecute this case and Plaintiff's failure to follow the Court's order.

On December 14, 2016, the Court entered an order granting Plaintiff *in forma pauperis* status. (ECF No. 3). The Court's December 14, 2016 order advised Plaintiff that failure to inform the Court of an address change could result in dismissal of his case. On September 25, 2017, and February 9, 2018, mail sent by the Court to Plaintiff was returned as undeliverable. As of the date of this Order, Plaintiff has not provided the Court with an updated address. Plaintiff's last communication with the Court occurred on January 23, 2017. (ECF No. 17).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Moreover, Plaintiff has failed to comply with the Court's order directing him to update the Court with any change of address. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and for Plaintiff's failure to prosecute this case.

For these reasons, Plaintiff's complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 9th day of February, 2018.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge